IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER FITZROY THOMAS AZILLE,<br><br>               Plaintiff,<br><br>   v.<br><br>COMMONWEALTH OF PENNSYLVANIA, et al.,<br><br>               Defendants. | CIVIL ACTION<br>NO. 13-5448 |

## OPINION

### I. INTRODUCTION

This civil rights action brought under 42 U.S.C. § 1983 has been at a standstill for over seven months due to pro se Plaintiff Peter Azille's inaction. Plaintiff has failed to attend hearings and pretrial conferences. In response to Plaintiff's apparent abandonment of his case, Defendants' filed a Motion to Dismiss for Lack of Prosecution on November 14, 2014. (Doc. No. 23.) Plaintiff has not responded to Defendants' Motion. For reasons that follow, Plaintiff's case will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### II. FACTUAL BACKGROUND

On September 13, 2013, Plaintiff, a former inmate at the Curran-Fromhold Correctional Facility, initiated this case by filing an application to proceed in forma pauperis. (Doc. No. 1.) On December 18, 2013, Plaintiff filed an Amended Complaint which is the subject of Defendants' Motion to Dismiss. (Doc. No. 4.) Plaintiff's Amended Complaint alleges that his constitutional rights were violated while he was incarcerated by the Philadelphia Common Pleas Court, David Cross—his former attorney, Louis Giorla—the Prison Commissioner, M. Farrell—the Warden, and Ms. Ivy—a Correctional Officer (collectively "Defendants"). (Doc. No. 4.) In

1

a Memorandum Opinion dated March 27, 2014, this Court dismissed the claims against the Philadelphia Common Pleas Court pursuant to judicial immunity. (Doc. No. 6.) The Court also dismissed Plaintiff's claims against his former attorney, David Cross, because Cross is not a state actor and therefore cannot be sued under § 1983. (Id.)

The claims against the remaining Defendants, Louis Giorla, M. Farrell, and Ms. Ivy allege that Defendant Ivy inflicted cruel and unusual punishment on Plaintiff while he was incarcerated, and that Defendants Giorla and Farrell failed to address and correct Defendant Ivy's behavior. Specifically, Plaintiff alleges that Defendant Ivy permitted another inmate to enter Plaintiff's cell "and assault him severely in which Plaintiff sustained serious lower back injuries" which was "cruel and unusual punishment" and showed "deliberate indifference, and retaliation." (Doc. No. 4 at ¶ 24.) With respect to Defendants Giorla and Farrell, Plaintiff complained to them on "numerous occasions" but they "turn[ed] a blind-eye." (Id. at ¶ 28.) Plaintiff contends that these actions amounted to violations of his First, Fifth, Eighth, and Fourteenth Amendment rights under § 1983. (Id. at ¶ 31.)

After initiating the case against Defendants, Plaintiff moved for appointment of counsel on April 18, 2013. (Doc. No. 8.) The Court held a hearing on Plaintiff's Motion on May 27, 2014. (Doc. No. 23.) Plaintiff did not appear for the hearing. (Id.) After Defendants answered the Amended Complaint on July 24, 2014 (Doc. No. 17), the Court scheduled a pretrial conference to be held on September 9, 2014. (Doc. No. 18.) Plaintiff did not attend the scheduled conference. The Conference was rescheduled for October 6, 2014. (Id.) Plaintiff did not attend that scheduled conference. The pretrial conference was rescheduled again for October 20, 2014. (Doc. No. 21.) In its Order scheduling the conference, the Court noted that it would consider dismissing Plaintiff's Amended Complaint for failure to prosecute pursuant to Poulis v.

State Farm Fire & Casualty Insurance Company, 747 F.2d 863 (3d Cir. 1984).  Plaintiff again did not attend the rescheduled pretrial conference.  The Court for the third time rescheduled the pretrial conference for November 10, 2014 (Doc. No. 22) and Plaintiff again did not attend.

On November 14, 2014, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Doc. No. 23.)  Plaintiff's deadline to respond to the Motion was December 1, 2014.  For reasons that follow, the Court will grant Defendants' Motion to Dismiss for Lack of Prosecution.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In determining whether to dismiss a case due to a plaintiff's failure to comply with a court order, the Court considers the six factors set forth in Poulis v. State Farm Fire & Casualty Co.:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863 (3d Cir. 1984).  Courts in the Third Circuit are required to consider the Poulis factors because "dismissal with prejudice is, undeniably, a drastic sanction."  In re Asbestos Products Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013).  However, no single Poulis factor is dispositive, and all six factors need not be satisfied in order for a court to dismiss a complaint.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).

## IV.    ANALYSIS

Plaintiff has not participated in this litigation for over seven months.  He has consistently failed to appear before the Court despite the Court's notice to Plaintiff that a failure to appear

3

could result in dismissal of his case. Plaintiff's first failure to appear was in response to his Motion for Appointment of Counsel. (Doc. No. 8.) This initial absence was met with four additional absences at pretrial conferences. Plaintiff's failure to attend these conferences and his failure to comply with Court Orders weigh heavily in the Court's analysis.

The first Poulis factor asks the Court to analyze the extent of the party's personal responsibility. A pro se plaintiff is solely responsible for the progress of his case. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Plaintiff failed to attend a hearing on his Motion to Appoint Counsel and then failed to attend four subsequent pretrial conferences. Plaintiff failed to submit a discovery plan before the scheduled pretrial conference. (Doc. No. 19.) Finally, Plaintiff failed to respond to Defendants' Motion to Dismiss for Failure to Prosecute. Plaintiff's neglect of this litigation when he alone is responsible to accelerate his case weighs in favor of dismissal.

The second Poulis factor examines the prejudice to the adversary caused by a plaintiff's failure to meet scheduling orders and respond to discovery. Defendants have complied with their obligations in defending against Plaintiff's claim. Plaintiff's Complaint was served on July 2, 2014 and Defendants filed an Answer to the Amended Complaint on July 24, 2014. (Doc. No. 16.) Defendants submitted a discovery plan. (Doc. No. 19.) Plaintiff has not filed anything with the Court or communicated with the Court since April 29, 2014, and consequently, Defendants have been unable to move forward in this case. Plaintiff's failure to communicate with the Court and Defendants has prejudiced Defendants' ability to move the case forward. Therefore, this factor weighs in favor of dismissal.

As to the third Poulis factor, the Court concludes that Plaintiff's lack of participation in his case demonstrates a history of dilatoriness. As discussed above, Plaintiff has not engaged in

4

his case in over seven months.  His failure to attend a pretrial conference has stalled this litigation.  Plaintiff has not submitted a discovery plan.  Plaintiff also failed to respond to Defendants' Motion to Dismiss.  In light of Plaintiff's record of disengagement from this litigation, this factor weighs in favor of dismissal.

The fourth Poulis factor asks whether the conduct of the party was willful or in bad faith.  There is no evidence in the record to suggest Plaintiff has acted willfully or in bad faith.  Therefore, this factor weighs against dismissal.

The fifth Poulis factor concerns the effectiveness of sanctions other than dismissal.  The Court concludes that there are no effective alternative sanctions available.  For example, monetary sanctions such as payments of attorneys' fees would be ineffective.  Plaintiff is proceeding pro se and in forma pauperis and cannot afford to pay such sanctions.  See Briscoe, 538 F.3d at 263 (finding monetary sanctions an ineffective alternative when a plaintiff is proceeding pro se and in forma pauperis).  Accordingly, the fifth factor weighs in favor of dismissal.

Finally, the sixth Poulis factor considers the merits of Plaintiff's claim using the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Huertas v. City of Phila., No. 02-7955, 2005 WL 226149 (E.D. Pa. Jan. 26, 2005), aff'd, 139 Fed. App'x 444 (3d Cir. 2005).  The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) which states that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 663; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ethypharm S.A. France v.

Abbott Labs., 707 F.3d 223, 262 n.14 (3d Cir. 2013) (citing Sheridan v. NGK Metals Corp., 609 F.3d 239, n.27 (3d Cir. 2010)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

A pro se plaintiff's complaint is examined under a less exacting standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Therefore, a pro se plaintiff's claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996)).

Plaintiff's Amended Complaint alleges violations of his rights, and the Court cannot determine that these allegations, accepted as true, do not state a claim for relief at this stage of the litigation.  (Doc. No. 4 at ¶¶ 9-32.)  Further, the Court cannot say that Plaintiff would be unable to prove these facts at trial.  As such, this factor weighs against dismissal.

As noted above, all six factors need not be satisfied in order for a court to dismiss a complaint.  Briscoe, 538 F.3d at 263.  After carefully reviewing the factors, the Court determines that four of the six factors weigh heavily in favor of dismissal.

**V.     CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted.  The instant action will be dismissed with prejudice, and the case will be closed.  An appropriate Order follows.